**Affirmed as Modified and Opinion Filed October 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01504-CR

**DAVID JUAREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-00872-M**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers[1]
Opinion by Justice Bridges

A jury found appellant David Juarez guilty of aggravated assault and assessed his punishment—enhanced by previous convictions—at confinement for twenty-five years. Appellant raises two issues in this Court contending (1) the trial court's judgment does not accurately reflect his plea, and (2) the trial court erroneously allowed him to be impeached with prior convictions. Because the issues in this appeal involve the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We modify the trial court's judgment to comport with appellant's plea and to reflect the trial court's finding on family violence, and we affirm the judgment as modified.

---

[1] Justice David Lewis was a member of the original panel and participated in the submission of this case; however, he did not participate in this opinion. Justice David Bridges has reviewed the record and the briefs in this case. *See* TEX. R. APP. P. 41.1(a).

The complaining witness in this case was Linda Lopez. Lopez is appellant's first cousin, and the jury found that she and appellant had a dating relationship or that appellant was a member of Lopez's family or household. The two lived together at the time of the charged assault. On the day of the assault, three members of Lopez's family arrived at her home and found appellant kicking her in the head while she lay crying on the floor. At trial, Carlos Cruz, Lopez's nephew, compared appellant's actions to "kicking a soccer ball." Cruz's common-law wife, Jessica Gomez, testified that Lopez was "knocked out" and then "started convulsing . . . [and s]tarted foaming out of her mouth." Gomez said her husband pulled appellant off of Lopez, but then appellant grabbed a knife from the kitchen, held it to the neck of the unconscious Lopez, and "told her that he was going to kill her." Brenda Cruz, Lopez's sister, testified that appellant threw the knife into the kitchen and then left the apartment. She described her sister's condition: "She was shaking, you know, her whole body was shaking, her eyes were rolling back and she was just laying there, bleeding and foaming out of the mouth."

Appellant was charged with aggravated assault with a deadly weapon. Both appellant and Lopez testified at trial that they had been drinking to such an extent that they remembered little to nothing of the events leading up to the altercation or the altercation itself.

In his first issue, appellant argues the trial court's judgment incorrectly indicates that he pleaded "true" to the two enhancement paragraphs when he actually pleaded "not true." The State agrees, and our review of the record confirms that appellant pleaded "not true" to each of the enhancement paragraphs. An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 530 (Tex. App.—Dallas 1991, pet. ref'd). We sustain appellant's first issue, and we modify the trial court's judgment to comport with appellant's pleas.

Our review of the record also establishes that appellant's indictment included the following allegation:

> and further, the said defendant has and has had a dating relationship with the said complainant and the said defendant was a member of the complainant's family and household.

The jury found that appellant did have this relationship with Lopez. And at sentencing, the trial court made an affirmative finding of family violence on the record. The trial court's judgment, however, does not reflect that finding. The Texas Code of Criminal Procedure directs a trial court—if it determines a Title 5 offense against a person involves family violence—to "make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2006). If the judgment does not reflect the trial court's finding of family violence, we will modify the judgment to do so. *See Anderson v. State,* No. 05-08-00864-CR, 2009 WL 3740783, at *4 (Tex. App.—Dallas Nov. 10, 2009, no pet.) (mem. op., not designated for publication). Accordingly, we further modify the trial court's judgment to include an affirmative finding of family violence.

In his second issue, appellant contends the trial court abused its discretion by allowing the State to impeach him with his prior convictions for murder and attempted murder. At a hearing to determine admissibility of the prior convictions, appellant argued they were more than ten years old and irrelevant to the current case. He also argued the convictions were more unfairly prejudicial than probative of his guilt. The trial court rejected these arguments and ruled the convictions were admissible for impeachment purposes if appellant testified.[2]

Appellant did testify, and shortly after his direct examination began, the following exchange took place between appellant and his attorney:

---

[2] The State also proved appellant had a prior conviction for retaliation, but the trial court did not allow the State to impeach appellant with that offense.

Q	Now, in 1986, you got into a great deal of trouble in Ellis County, Texas, correct?

A	That's correct.

Q	And you went to jail and eventually went to prison?

A	That's correct.

Q	For the offense of murder and attempted murder?

A	That's correct.

Q	And you were sentenced to 20 years in prison on each of those cases?

A	That's correct.

Thus, although appellant complains of the State's impeachment, it was appellant who adduced the evidence of the prior convictions himself during his direct examination. We conclude appellant waived any complaint he had with any preliminary ruling by introducing the evidence himself. *See, e.g., Ohler v. United States*, 529 U.S. 753, 760 (2000) ("[A] defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error."); *Villasana v. State*, No. 05-07-00904-CR, 2008 WL 2841199, at *6 (Tex. App.—Dallas July 24, 2008, no pet.) ("Because appellant preemptively introduced evidence of these prior convictions on direct examination, he has waived his right to complain about this evidence on appeal.") (not designated for publication). We overrule appellant's second issue.

We modify the judgment in this case to reflect that appellant pleaded "not true" to both punishment-enhancement paragraphs and to include an affirmative finding of family violence.

As modified, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
121504F.U05

/David Bridges/
DAVID BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID JUAREZ, Appellant

No. 05-12-01504-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-00872-M.
Opinion delivered by Justice Bridges,
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Plea to 1st Enhancement Paragraph:      **NOT TRUE**

Plea to 2nd Enhancement Paragraph:      **NOT TRUE**

The Court FINDS this offense involved family violence.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered October 30, 2014.